IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN WAYNE RALSTON                                                           PLAINTIFF

v.                          Civil No. 5:24-cv-05075-PKH-MEF

SHERIFF JAY CANTRELL,
Washington County, Arkansas;
FORMER SHERIFF TIM HELDER; and
PATROL OFFICER REX                                                               DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Jonathan W. Ralston, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff maintains Defendant Rex subjected him to an illegal search and seizure on two separate occasions.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed this case on April 2, 2024. (ECF No. 1). He was granted IFP status the same day. (ECF No. 3). In Claim One of his Complaint, Plaintiff alleges that on November 19, 2019, Defendant Rex illegally searched him, arrested him, and took him to the Washington County

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Detention Center ("WCDC"), where he remained for 18 months because of charges added to the ones already pending against him. (ECF No. 1 at 4). Plaintiff alleges that Defendant Helder "was over" Defendant Rex. *Id.*

In Claim Two, Plaintiff alleges that on May 15, 2022, Defendant Rex again illegally searched and arrested him. (ECF No. 1 at 6). Plaintiff states he has served 16 months so far due to the illegal search and seizure. *Id.* Plaintiff indicates Defendant Helder "was over" Defendant Rex on May 15, 2022, but that Sheriff Cantrell is now "over" Defendant Rex. *Id.*

As relief, Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at 9). Specifically, Plaintiff is seeking an award of $ 5 million. *Id.* Plaintiff also requests that Defendant Rex lose his badge and no longer be allowed to serve in law enforcement. *Id.* at 10.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Claim One

Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014).

The search and seizure in Claim One occurred on November 19, 2019. The three-year statute of limitations would have expired on November 19, 2022. The Complaint was not filed until April 24, 2024. The statute of limitation bars Claim One.

#### B. Claim Two

In Claim Two, Plaintiff names Defendant Helder because he was "over" Defendant Rex at the time of the incident. Plaintiff names Defendant Cantrell because he is currently over Defendant Rex.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).

Here, Plaintiff has alleged no personal involvement on the part of Defendants Helder and Cantrell. Instead, he seeks to hold them liable solely because of their supervisory responsibility over Defendant Rex. Section 1983 does not allow for such liability.

### IV.   CONCLUSION

Accordingly, pursuant to 28 U.S.C. § 1915A(a), it is recommended that:

(1)   All claims concerning the November 19, 2019, arrest and search of the Plaintiff or his belongings be dismissed as barred by the statute of limitation; and

(2)   All claims against Defendants Helder and Cantrell be dismissed for failure to state a claim.

This leaves for later resolution Plaintiff's claim that Defendant Rex violated his federal constitutional rights on May 15, 2022. By separate order the Complaint will be served on Defendant Rex.

**Status of Referral:** This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). **The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 1st day of May 2024.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

5