IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN WAYNE RALSTON                                                           PLAINTIFF

v.                              Civil No. 5:24-cv-05075-TLB-MEF

PATROL OFFICER REX                                                              DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.    DISCUSSION

On October 23, 2024, Defendant Rex filed a Motion for Judgment on the Pleadings. (ECF No. 17). On October 28, 2024, an Order was entered directing Plaintiff to respond to the Motion by November 18, 2024. (ECF No. 20). Plaintiff was advised that failure to "file the response will result in the dismissal of this case." *Id.* When Plaintiff failed to respond to the Motion, a Show Cause Order was entered on November 25, 2024. (ECF No. 22). Plaintiff's response was due by December 16, 2024. *Id.* Plaintiff was again advised that failure to respond by the deadline would subject the case to dismissal. *Id.* Plaintiff has failed to respond to the Motion or the Show Cause Order.

1

Plaintiff has not requested additional time to respond to the Motion for Judgment on the Pleadings or the Court's Orders.  No mail has been returned as undeliverable.  Plaintiff has failed to comply with the Court's Orders.  (ECF Nos. 20 & 22).  In each Order, Plaintiff was advised that failure to respond would result in the dismissal of the case.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.  Plaintiff has not done so.

## II.     CONCLUSION

For these reasons, it is recommended that pursuant to Rule 41(b), this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).  Fed. R. Civ. P. 41(b).

**Status of Referral: The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

      DATED this 6th day of January 2025.

                                              /s/ *Mark E. Ford*
                                              HON. MARK E. FORD
                                              UNITED STATES MAGISTRATE JUDGE